No. 892

DIAMOND GLASS CO. v. ELBERTA AMUSE. CO.

Ohio Appeals, 9th Dist., Lorain Co.

No. 374. . Decided May 22, 1926

787. MORTGAGES—1. Grantor does not waive lien by taking a note for the purchase price and a mortgage upon land conveyed to secure same; but where a separate independent security is taken, other than the land itself, this constitutes a waiver of the grantor's lien, even though the personal security is that of the wife of the vendee.

2. A grantor's equitable or implied lien is a secret lien and is not favored in law.

1228. VENDORS LIEN—Where land and personal property are sold together for a lump sum, without a definite price for each, a vendor's lien cannot attach to the land for there is no means of distinguishing how much is due for either the land or the personal property.

FUNK, J.

The Elberta Beach Co., prior to Aug. 11, 1922, deeded its premises to Joseph M. Kiss, who executed and delivered a mortgage for $10,000 to the Ohio Farmer's Insurance Co., and on August 18th, Kiss delivered to the Beach Co., a quit claim deed for said premises

Principal stockholders of the Company were D. C. Reed, R. A. Hawley and Benjamin Kress, the latter being in active charge of the premises and the making of repairs thereon. Kress desired to construct a dance hall on the land of the Beach Co., but the other stockholders were not of the same mind. But in January of 1924, it was agreed that the Beach Co would sell the premises to Kress, he to assume the mortgage to the Insurance Co. and give a second mortgage to the Beach Co. for $15,000; and that Kress might build a dance hall at any time suitable to him.

Plans were prepared and construction on the dance hall was commenced early in January by one John Dandrea, who charged his work at the request of Kress, to the Elberta Beach Amusement and Development Co. The Lorain Lumber Co. furnished material on the order of Dandrea, soon after.

The Beach Co. on March 1, 1924 executed and delivreed its warranty deed to Kress who delivered to said company a promissory note for $15,000 signed by himself and his wife for the balance of the purchase price of said premises; and at the same time executed a purchase money mortgage on the premises, securing said note.

The Elberta Beach Amusement & Development Co. was organized and a warranty deed was executed and delivered to it for said premises, which was warranted free of all incumbrances except a first mortgage for $10,000 to the Insurance Co. and a second mortgage of $15,000 to the Beach Co.

Kress as president of the newly organized company employed Herman Smith to continue the construction of the dance hall on a cost plus basis, so that all mechanics' lien holders, except those of Dandrea and the Lumber Co.. obtained their contracts through Smith, or with Kress under direction of Smith.

This action was instituted by the Diamond Glass Co. to foreclose a mechanic's lien and marshal liens consisting of other mechanic's liens, mortgages and judgment liens on certain real estate. The Lorain Common Pleas found in favor of the mechanic's lien holders giving them preference over the second mortgage of the Beach Co. and a third mortgage, it being conceded that the Ohio Farmers Insurance Co. had the first and best lien. The Beach Co. took the case to the Court of Appeals on appeal, and it was held:

1. The question to be determined is whether or not an eqcitable or implied lien attached in favor of the Beach Co., and if so, did it do anything to waive such lien or estop itself from the right of priority over the mechanic's lien holders, the mechanic's liens having been properly filed.

2. The Beach Co. contends that it has the right to rely upon its vendor's lien, independent of the note and mortgage; and that the giving of the note and mortgage in no way invalidates such lien but rather strengthens it; and that the fact that the wife of the vendee signed the note and that there was some personal property which went with the real estate, said personal property being given for the purchase price, is only presumptive evidence that the equitable lien did not attach or was waived.

3. If the right of priority between the claim of the Beach Co. and that of the mechanic's lien holders is to be determined by the mortgage alone, independent of an implied lien, the Beach Co. by virtue of 8542 GC., would be inferior to the mechanic's liens.

4. The Beach Co.'s right to priority must therefore depend upon its right to an implied or equitable grantor's lien and whether or not, if such lien attached, the facts and circumstances show that it waived the same or estopped itself from its right to priority.

5. Making of a note for the purchase price and a mortgage upon the land conveyed to secure same, is not a waiver of the grantor's lien.

6. But the taking of any separate, independent security for the purchase price other than the land itself, is a waiver of the grantor's lien, especially in the absence of an express agreement to the contrary.

7. A grantor's lien may be retained by agreement even though security other than the land has been given or things done that would waive such lien without such agreement.

8. A grantor's equitable lien is a secret lien and it is the policy of the law to discourage such liens and they should not be favored over claims of persons who have exercised reasonable caution and acquired rights adverse to secret liens.

9. The undisputed evidence shows that the Beach Co. asked and obtained a judgment against the wife of Kress as independent security other than the vendee and the land itself; and that there was no claim for an independent equitable lien until claimed in open court.

10. The evidence and circumstances of this case warrant a conclusion that the grantor's implied lien never attached in favor of the Beach Co. as against the mechanic's liens; and that if it did attach, the Beach Co. is estopped from asserting its mortgage or grantor's implied lien as against mechanic's lien holders

Decree in accordance with the finding of the lower court as to priority of liens.

Attorneys—Geo. R. Sizer, M. P. Mooney and Thompson, Hine & Flory, Cleveland, for plaintiff and defendant mechanic's lien claimants; Jos. M. Kiss, Cleveland, for Beach Co.; Glitsch & Stack, Lorain, for Lumber Co.; A. W. Cinniger, Lorain, for Dandrea, and Webber & Symons, Elyria, for defendant Receiver.